IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

REQUIS MARSHAWN CUBLE,
ADC #129418                                                                                          PLAINTIFF

v.                                              4:07CV01103SWW/HLJ

LEROY BROWNLEE, et al.                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of
>proof, and a copy, or the original, of any documentary or
>other non-testimonial evidence desired to be introduced at
>the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), has been granted in forma pauperis status in this action filed pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges defendants violated his Eighth and Fourteenth Amendment rights by denying his request for parole "without stipulating completion of a course which would alleviate their concerns and therefore violating their own policy.". Defendants are individual board members of the Arkansas Post Prison Transfer Board. In addition, plaintiff alleges that defendant Reynolds, an employee at the Quachita Correctional Unit, denied his requests for access to information relating to his parole denial. Plaintiff asks for expungement of time spent since the denial of parole, together with damages.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. The test for determining if an action is frivolous

is whether the plaintiff can make a rational argument on the facts or law in support of his claim. The term "frivolous" refers to the "inarguable legal conclusion" and the "fanciful factual allegation." Neitzke v. Williams, 490 U.S. § 319 (1989). In addition, a complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Having reviewed plaintiff's complaint, the Court finds it should be dismissed for failure to state a claim. In Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979), the United States Supreme Court held there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. In Munson v. Norris, 435 F.3d 877, 879 (8th Cir. 2006), the Court upheld a ruling that requiring an Arkansas prisoner to complete the RSVP program prior to receiving parole did not violate due process, because the prisoner did not have a constitutional right to conditional release prior to the expiration of his sentence.

Matters pertaining to the parole process are usually governed by state statute and therefore, are matters of state law, without questions of constitutional magnitude. In Wiggins v. Lockhart, 825 F.2d 1237 (8th Cir. 1987), the Court noted the district court held, citing, Schwindling v. Smith, 777 F.2d 431, 432-22 (8th Cir. 1985), that the state courts are the exclusive forum for resolving an inmate's challenge to the manner in which his parole eligibility date is determined. Section 1983 specifically requires that a violation of a federally-protected right be alleged and demonstrated. However, in this case, plaintiff has not demonstrated a denial of a federally-protected right, given the fact that there is no constitutional or inherent right of a convicted person to parole.

The Arkansas Parole statute, Ark. Code Ann. § 16-93-201-206 (Supp. 1997), establishes only the possibility of parole. Nothing in the Arkansas statutes create a right of an inmate to release on

parole which would invoke due process protection, <u>Robinson v. Mabry</u>, 476 F.Supp. 1022, 1023 (E.D.AR 1979), and parole officials are entitled to consider many factors in their determination of whether to grant parole, including prior criminal history and number of offenses, and may also fix the time and conditions of the parole. Therefore, a claim that defendants violated a liberty interest in parole must fail, as it does not state a claim for relief.

In addition, an attack on defendants' alleged failure to properly address his complaints, does not state a constitutional claim. <u>See</u> <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993). Furthermore, failure to follow ADC policies and procedures does not state a claim. <u>See</u> <u>Phillips v. Norris</u>, 320 F.3d 844, 847 (8th Cir. 2003).

The Court also finds plaintiff's request for injunctive relief (expungement) is a request for release or a shortening of the duration of his confinement, and therefore, the appropriate cause of action should be one for habeas corpus relief. <u>See</u> <u>Wilson v. Lockhart</u>, 949 F.2d 1051 (8th Cir. 1991). In <u>Offet v. Solem</u>, 823 F.2d 1256 (8th Cir. 1987), the court held state remedies must be exhausted when a federal decision might indirectly lead to a change in the duration of confinement by requiring reconsideration of a prisoner's status.

With respect to plaintiff's request for damages, the Court finds that plaintiff's complaint falls within the meaning of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and that therefore, it should be dismissed. In <u>Heck</u>, the United States Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, <u>continued imprisonment</u> or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by a state tribunal or federal court. As noted earlier, an action attacking the validity of one's parole calls into question the fact and duration of confinement. <u>See</u> <u>Lindsey v. Wells</u>, 901 F.2d 96 (8th Cir. 1990), and must be raised in a petition pursuant to 28 U.S.C. § 2254 for

a writ of habeas corpus, <u>after</u> exhaustion of state remedies. It does not appear from the record that plaintiff has exhausted his state remedies with respect to this attack on his confinement. Should he ultimately succeed in challenging the legality of his discharge from the program, and his continued confinement through appropriate state procedures, he may refile his complaint for damages. See <u>Schafer v. Moore</u>, 46 F.3d 43 (8th Cir. 1995).

Finally, parole board (now known as Post-Prison Transfer Board) members are absolutely immune from suit for damages while performing their official duties. <u>Gale v. Moore</u>, 763 F.2d 341, 344 (8th Cir. 1985). Therefore, the Court finds that this complaint should be dismissed without prejudice. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is DISMISSED without prejudice to re-file after exhaustion of his available remedies, and that this dismissal be considered a "strike" within the meaning of the PLRA.[1]  Accordingly,

IT IS SO ORDERED this 21st day of December, 2007.

_Henry L. Jones, Jr._
United States Magistrate Judge

---

[1] The Court notes that dismissal of Plaintiff's complaint constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), which provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted...."   See <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 462-64 (5th Cir. 1998).